U.S. Bankruptcy Court
District of Idaho
Filed: April 9, 2004
at 1:00 p.m.
By: JC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| STEVE RAY FROST and ) | Case No. 03-22010 |
| ELOISE MARIE FROST, ) | |
| ) | |
| Debtors. ) | MEMORANDUM OF DECISION |
| ) | |
| ) | |

This matter comes before the Court on the objection of chapter 13 Debtors Steve and Eloise Frost ("Debtors") to the proof of claim filed by the State Insurance Fund of the State of Idaho ("Creditor"). *See* Doc. No. 12. The subject proof of claim, Claim No. 4, asserts a $2,750.00 unsecured priority claim. Creditor describes the basis of the claim as "workers compensation premium" and asserts that priority is claimed under § 507(a)(8). *Id.*[1]

Debtors' objection to claim filed February 17, 2004, argues that the claim should be disallowed priority status and allowed only as a general unsecured claim. Debtors argue that "[t]he basis of [Creditor's] assertion of priority is apparently the

---

[1] Section 507(a)(8) allows priority treatment for unsecured claims of governmental units for taxes of the sort identified in § 507(a)(8)(A) through (E), customs duties under § 507(a)(8)(F), or penalties related to such claims, if in compensation for actual pecuniary loss, under § 507(a)(8)(G).

MEMORANDUM OF DECISION - 1

AO 72A
(Rev. 8/82)

9th Circuit Court decision that premiums are employee benefit plan contributions." Doc. No. 12 at 1. Debtors then argue that § 507(a)(4) only allows priority status to allowed unsecured claims for contributions to employee benefit plans to the extent such claims "aris[e] from services rendered within 180 days before the date of the filing of the petition or the date of cessation of the debtor's business, whichever occurs first[.]" *See* § 507(a)(4)(A). They argue that, here, the claims well antedate 180 days of the petition.

Debtors set a hearing on their objection for March 9, 2004. Debtors appeared at such hearing and the chapter 13 Trustee also appeared. No response to the objection was filed by Creditor nor did the Creditor appear at hearing. The Court took the matter under advisement and requested Debtors to submit legal authorities within 15 days. *See* Doc. No. 17 (minute entry). No briefs or other submissions were made.

## DISCUSSION AND DISPOSITION

### A. Adequacy of service of the objection

Debtors' objection to claim was served on Creditor at the address used on the proof of claim and was directed to the attention of the "collection supervisor" who had signed the proof of claim. This service was inadequate. *See In re Egan*, 02.4 I.B.C.R. 177, 178 (Bankr. D. Idaho 2002) (establishing that, because an objection to claim initiates a contested matter, parties must comply with the service provisions of Bankruptcy Rule 7004, incorporated by Bankruptcy Rule 9014.)

The precise nature of Creditor is not established by either the proof of claim

MEMORANDUM OF DECISION - 2

or the objection.[2] If Creditor is a governmental unit for purposes of this contested matter, service was improper.[3] Under Bankruptcy Rule 7004(b)(6), service on a state or municipal corporation or other governmental organization is made by first class mail, addressed "to the person or office upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof."[4]

The service here has not been shown to comply with the provisions of Rule 7004(b).

### B. Objection under § 507(a)(4)

As noted, Debtors' objection assumes that Creditor asserts priority treatment for its claim on the theory that workers' compensation premiums are employee

---

[2] Idaho case law indicates that the State Insurance Fund is "an agency of the state created for the purpose of carrying on and effectuating a proprietary function as distinguished from a governmental function. It serves a 'public purpose' but not a 'governmental purpose.'" *Williams v. Musgrove*, 370 P.2d 778 (Idaho 1962); *see also Kelso v. Lance*, 3 P.3d 51 (Idaho 2000); *Selkirk Seed Co. v. Forney*, 996 P.2d 798 (Idaho 2000). Therefore, "the SIF is treated as a state agency for some purposes but not for others." *Kelso*, 3 P.3d at 54.

[3] It is certainly arguable that Creditor is a governmental unit for the purposes of this proceeding. It asserted a claim under § 507(a)(8), which is limited to governmental units. And "governmental unit" is defined by § 101(27) as including a State and an "agency or instrumentality of . . . a State[.]"

[4] If Creditor is considered a corporation for purposes of this proceeding, the service of the objection is still inadequate. Under Rule 7004(b)(3), service on a domestic or foreign corporation is effected by first class mail "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process[.]" *See Egan*, 02.4 I.B.C.R. at 178.

MEMORANDUM OF DECISION - 3

AO 72A
(Rev. 8/82)

benefit plan contributions within reach of § 507(a)(4). Doc. No. 12 at 2.[5]

Due to Debtors' failure to provide the requested briefing, the Court is also required to make some assumptions. It presumes that Debtors (and, perhaps, Creditor) refer to the decision in *Employers Insurance of Wausau v. Plaid Pantries, Inc.*, 10 F.3d 605 (9th Cir. 1993). That decision held that the legislative history and public policy behind § 507(a)(4) compel the conclusion that premiums owed an insurer under a workers' compensation policy or plan should be entitled to the same protection as other benefit plans provided to employees. *Id.* at 607; *accord Tanzi v. Comerica Bank-California (In re Tanzi)*, 297 B.R. 607, 613 n.7 (9th Cir. BAP 2003).[6]

In a nutshell, Debtors argue that, even if such premiums are entitled to priority treatment, the premiums at issue herein fall outside the reach of § 507(a)(4)(A) since the documentation attached to the claim would appear to suggest the liabilities arose more than 180 days before the filing of the bankruptcy or the cessation of business.[7] While it is true that the documents attached to the

---

[5] The face of the proof of claim does not make that assertion but, instead, claims priority under § 507(a)(8). However, Creditor attached to its proof of claim a photocopy of a page from a treatise or legal newsletter discussing the possible treatment of workers' compensation premiums as contributions to employee benefit plans. That discussion refers generally to a Delaware decision, by name only, and to an unnamed Ninth Circuit decision, but contained no citations.

[6] Even brief legal research will disclose that this conclusion is not universally held. However, this Court is governed by Ninth Circuit decisional law.

[7] While *Plaid Pantries* did not specifically address this question, Wausau's priority claim "represent[ed] that portion of the [total Wausau claim] which was incurred within
(continued...)

MEMORANDUM OF DECISION - 4

claim might be so read, the sparse record[8] leaves the Court less than comfortable in making determinative factual findings. More importantly, Creditor never clearly asserted a priority status under § 507(a)(4). Thus, the Court concludes Debtors' objection – on the grounds alleged – should be denied. However, this denial will be without prejudice to Debtors' renewal of their objection in the event Creditor files or asserts a claim under § 507(a)(4).

### C. Objection under § 507(a)(8)

Creditor's claim was, as noted, asserted under § 507(a)(8) which provides priority status to certain tax obligations owed to governmental units. Debtors' objection did not assail Creditor's claim on the basis that it did not qualify under § 507(a)(8). Had Debtors done so, it appears that the objection might be well taken because nothing in the proof of claim or its attachments clearly establishes that the obligation represents a tax that would fall within any subdivision of § 507(a)(8). Nevertheless, Debtors failed to properly serve their objection, and they failed to raise an objection under § 507(a)(8). Therefore, no relief can be granted at this time.

### CONCLUSION

Based on the foregoing, Debtors' objection to Creditor's claim will be denied. That denial will be without prejudice to further proceedings. Because the

---

[7](...continued)
180 days of the bankruptcy filing." 10 F.3d at 606.

[8] Since Creditor did not appear at hearing, Debtors did not present any evidence on their objection.

MEMORANDUM OF DECISION - 5

objection to claim must be denied, Debtors' plan cannot be confirmed; there is, at least for the moment, a priority unsecured claim not appropriately treated under that plan. Confirmation of Debtors' plan will therefore be denied. That denial will also be without prejudice to renewal once the claim issue has been resolved or an amended plan has been filed.

An appropriate order will be entered.

Dated this 9th day of April, 2004.

*[signature]*

TERRY L. MYERS
UNITED STATES BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 6

AO 72A
(Rev. 8/82)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served by the method indicated below, a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

DATED: April 9, 2004

Case No. 03-22010 (Steve and Eloise Frost)

Office of the U.S. Trustee
304 N. 8th Street, Room 347
Boise, ID 83702
jeff.g.howe@usdoj.gov
gary.mcclendon@usdoj.gov
    ☐ U.S. Mail    ☐ Facsimile    ✓ Email

Michael B. McFarland
Attorney at Law
421 Coeur d'Alene Avenue, Suite 1L
Coeur d'Alene, Idaho 83814
mbm@icehouse.net
    ☐ U.S. Mail    ☐ Facsimile    ✓ Email

C. Barry Zimmerman
P.O. Box 1240
Coeur d'Alene, ID 83816
cbarry@my180.net
    ☐ U.S. Mail    ☐ Facsimile    ✓ Email

State Insurance Fund
1215 W. State St.
Boise, ID 83720
    ✓ U.S. Mail    ☐ Facsimile    ☐ Email

*/s/ Ann B. Canderan*
Ann B. Canderan
Judicial Assistant to Judge Myers

Note to Email service: A PDF version of the above decision/order was electronically transmitted to the parties indicated above. Email service is provided as a courtesy only upon request of a party. To review an electronic image of the original of this document, or to subscribe for email service of future decisions/orders from the Bankruptcy Judge, please access the Court's Internet web site, www.id.uscourts.gov.

MEMORANDUM OF DECISION - 7